2016 UT App 79

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
DALTON BOYD THOMAS,
Appellant.

Per Curiam Decision
No. 20150624-CA
Filed April 21, 2016

Fourth District Court, Provo Department
The Honorable James R. Taylor
No. 151400780

Margaret P. Lindsay and Douglas J. Thompson,
Attorneys for Appellant

Sean D. Reyes and John J. Nielsen, Attorneys
for Appellee

Before JUDGES STEPHEN L. ROTH, MICHELE M. CHRISTIANSEN, and
KATE A. TOOMEY.

PER CURIAM:

¶1 Appellant Dalton Boyd Thomas appeals the restitution order entered following his convictions for burglary and criminal mischief, both third-degree felonies. We affirm.

¶2 Thomas kicked open the door of a newly constructed house and used a hatchet to cause extensive damage to the walls, cabinets, bathroom fixtures, and other items. Thomas pled guilty and was placed on probation. The parties stipulated to complete restitution in the amount of $10,629. *See* Utah Code Ann. § 77-38a-302(2)(a) (LexisNexis Supp. 2014) (defining "complete restitution" as the amount "necessary to compensate a victim for all losses caused by the defendant"). Thomas requested a

hearing to present evidence regarding his ability to pay court-ordered restitution. *See id.* § 77-38a-302(2)(b) (defining "court-ordered restitution" as "the restitution the court having criminal jurisdiction orders the defendant to pay as a part of the criminal sentence at the time of sentencing or within one year after sentencing"). The district court received evidence that included Thomas's financial declaration. In addition, Thomas testified that he had been employed for roughly two weeks and estimated that his gross earnings would be $1,000 per month. He reported that he had expenses of $80 per month for transportation and $50 per month for his telephone. He was paying $30 per month for Adult Probation and Parole (AP&P) supervision while on probation. He lived with his father and did not pay rent, but he would be required to contribute toward food when he had income. Thomas spent $22 per month on medication. Thomas's father testified that Thomas would be expected to pay for his food and contribute to utilities when he began earning income.

¶3    The district court ordered Thomas to pay $10,629 in court-ordered restitution. The court found that there was no reason that Thomas could not pay the total amount if given enough time to do so. Accordingly, the court ordered Thomas to pay $125 per month toward restitution, in addition to the supervision fee to AP&P, and the court modified his probation term to eight years.[1] The restitution payment would accrue interest at three percent per annum. Defense counsel raised concerns about Thomas's ability to pay this amount of court-ordered restitution, arguing that the district court had not adequately considered his limited resources or the burden that the installment payments

---

1. The court stated that supervised probation would terminate once Thomas satisfied the treatment objectives, after which he would be on court probation for purposes of paying restitution. The record reflects that probation supervised by AP&P has ended.

over an eight-year period would pose. Defense counsel also argued that Thomas suffered from a mental illness, lacked education, and had limited future employment prospects. However, the court found that the amount was not an astronomical amount, as Thomas claimed, and was a reasonable amount for him to pay. The court concluded that there was no rational reason not to attempt to make the victim whole.

¶4     A trial court is required to determine both "complete restitution" and "court-ordered restitution." *Id.* § 77-38a-302(2). Thomas stipulated that complete restitution in the amount "necessary to compensate [the] victim for all losses caused by" his criminal activity was $10,629. When determining court-ordered restitution, a sentencing court takes into account the loss to the victim, as well as "the financial resources of the defendant"; "the burden that payment of restitution will impose, with regard to the other obligations of the defendant"; "the ability of the defendant to pay restitution on an installment basis"; "the rehabilitative effect on the defendant"; and "other circumstances that the court determines may make restitution inappropriate." *Id.* § 77-38a-302(5)(c). Because a determination of court-ordered restitution involves consideration of additional factors, "[c]ourt-ordered restitution may be identical in amount to complete restitution, but it need not be so." *State v. Laycock*, 2009 UT 53, ¶ 30, 214 P.3d 104. "[I]n the case of restitution, a reviewing court will not disturb a district court's determination unless the court exceeds the authority prescribed by law or abuses its discretion." *Id.* ¶ 10. A restitution order will be overturned for abuse of discretion only if "no reasonable [person] would take the view adopted by the trial court." *State v. Corbitt*, 2003 UT App 417, ¶ 6, 82 P.3d 211 (alteration in original) (citation and internal quotation marks omitted).

¶5     Thomas argues on appeal that the district court abused its discretion in setting the amount of court-ordered restitution. He argues that the district court did not consider his financial

resources "in any reasonable way" and "did not reasonably consider the burden that a $125 per month payment would be upon Thomas in light of his other financial obligations." The State responds that because the record reflects that the district court was made aware of Thomas's financial situation, it follows that the court considered this required factor. Thomas counters that the appropriate question for review on appeal is "whether any reasonable person would conclude that Thomas's limited financial resources should not have any effect upon the court-ordered restitution." Thomas asserts that "[t]he amounts of complete restitution and court-ordered restitution are only identical if the statutory factors that must be considered when a court makes the court-ordered amount have no effect." Thomas essentially argues that because the court-ordered restitution amount was not lower than the complete restitution amount, the district court must have failed to consider the required factors and, therefore, it abused its discretion. Thomas further argues that "any reasonable person, under the circumstances, would find that the court-ordered restitution should be less than the complete amount of restitution"; thus, the district court "ignored the real world considerations it was statutorily obligated to consider."

¶6 The record before us demonstrates that the district court considered Thomas's present earnings, his income compared to expenses, his mental health conditions, and his employment prospects. Although the district court stated that Thomas could improve his employment prospects by obtaining his GED, the court based court-ordered restitution on his current income. The fact that complete and court-ordered restitution amounts are identical does not, standing alone, demonstrate that the district court failed to consider the statutorily required factors. *See Laycock*, 2009 UT 53, ¶ 30 (stating that the amount of court-ordered restitution may or may not be identical to the amount of complete restitution). Furthermore, Thomas has not demonstrated that the district court abused its discretion by

showing that "no reasonable [person] would take the view adopted by the trial court." *Corbitt*, 2003 UT App 17, ¶ 6 (alteration in original) (citation and internal quotation marks omitted). Accordingly, we conclude that the district court did not abuse is discretion in ordering Thomas to pay restitution of $10,629 in installments of $125 per month for eight years and in extending the term of court probation for purposes of paying restitution.

¶7    Affirmed.

_____